For the errors indicated, the judgment is reversed, and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

## BLEDSOE v. STATE. (No. 12089.)

Court of Criminal Appeals of Texas. Dec. 19, 1928.

H. R. Bishop, of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for assault to murder; punishment, 9 years in the penitentiary.

The facts in this case are sufficient to support the jury's conclusion of guilt. We see no good to come of a recital of same in detail. We find in the record one bill of exceptions taken to the refusal of the trial court to grant a new trial sought on the ground that the verdict was the result of misconduct of the jury. The specific thing complained of was that, after the jury arrived at their verdict of guilt, they reached an agreement as to the term of years of confinement by each man setting down the amount he thought appellant ought to have and dividing that by 12. Upon the presentation of the motion for new trial the court heard testimony of a number of the jurors. In substance they testified that, after discussing the case for a while, it was suggested that each juror set down the amount he thought appellant should receive, and that the sum total of such amount be divided by 12. There was no agreement before this was done to be bound by the result. After the result was obtained there was objection, on the part of some of the jurors, to same as being too little, and, on the part of others, as being too much.

After discussing the matter some time further, the testimony seems all in accord as showing that there was a final agreement upon 9 years. The fact that the setting down of the various amounts, and the division of the sum thereof by 12 gave a quotient of 9, would not be error, unless it be further shown that prior to such action there was an agreement on the part of the jury to be bound thereby. Pruitt v. State, 30 Tex. App. 156, 16 S. W. 773. The opposite appears to be true in this case.

Finding no error in the record, the judgment is affirmed.

## WILSON v. STATE. (No. 12311.)

Court of Criminal Appeals of Texas. Dec. 19, 1928.

See, also, 1 S.W.(2d) 305.

Mays & Mays, of Fort Worth, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is robbery with firearms; punishment fixed at confinement in the penitentiary for a period of 50 years.

By the affidavit of the sheriff of Erath county, it has been made to appear that the

appellant has escaped from custody and remained at large for more than ten days; that he has not voluntarily returned, but is still at large.

By reason of his escape, the appeal is dismissed.